UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| JIMMY RAY PHELPS and ) | Case No. 05-42668 |
| LISA MICHELLE PHELPS ) | Chapter 7 |
| Debtors. ) | |
| _____ ) | |
| ROBERTA S. DUNLAP, TRUSTEE ) | |
| Plaintiff. ) | |
| vs. ) | A.P. No.  06-4017 |
| COMMONWEALTH COMMUNITY BANK ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM ON MOTIONS FOR SUMMARY JUDGMENT**

This proceeding comes before the Court on the cross motions for summary judgment filed by Roberta S. Dunlap, the Chapter 7 trustee (hereinafter "Trustee") and the defendant, Commonwealth Community Bank (hereinafter the "Bank").  Upon consideration of the summary judgment motions and the supporting documentation, the Court holds that summary judgment should be granted in favor of the Bank.

**I.       STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(K). Venue of this adversary proceeding in this Court is proper under 28 U.S.C. §1409(a), as this proceeding arises in and relates to the debtor's Chapter 7 case pending in this District.

**II.      SUMMARY JUDGMENT STANDARD**

The Court can render summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  Summary judgment is appropriate when the record taken as a whole, and viewed in the light most favorable

to the nonmoving party, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*citing First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). The party seeking summary judgment bears the burden initially of showing that there is no genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may rely on the pleadings, depositions, answers to interrogatories, and admissions on file. *Id*. When a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, summary judgment should be granted. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805 (1999) (quoting *Celotex*, 477 U.S. at 322).

Once the moving party has made a proper motion for summary judgment, the nonmoving party may not rely upon mere allegations to rebut the motion, but instead must set forth specific facts demonstrating that a genuine issue of material fact exists for trial. Fed. R. Civ. P. 56(e). The nonmoving party must produce more than a "mere scintilla" of evidence to support its claim, once a properly supported motion for summary judgment has been made.

**III.    FACTS**

On October 10, 2005, the debtors filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Western District of Kentucky. On October 11, 2005, the Trustee was appointed as the Chapter 7 trustee.

On January 27, 2006, the Trustee initiated this adversary against the Bank seeking to avoid the Bank's security interest in two parcels of real estate located in Muhlenburg County, Kentucky. On or about December 23, 2003, debtors granted a mortgage to the Bank to secure repayment of the sum of $58,839.52. The mortgage in question contained the following acknowledgment: "The

foregoing first mortgage was subscribed and sworn to before me by Jimmy Phelps and wife, Lisa Phelps, on this the 22nd day of December, 2003." It is then signed by Amanda Browning Miller, Notary Public. According to the Trustee, the Bank's security interest should be avoided since the mortgage securing the debt from the debtors to the Bank is defective, in that it contains a defective acknowledgment. The Trustee contends this acknowledgment is deficient because the notary fails to certify the debtors appeared before her and acknowledge executing the instrument. The Trustee's argument in her summary judgment motion differs slightly from her position she took earlier in an Agreed Order entered March 6, 2006, wherein she stated the mortgage was defective in that it failed to contain the word "acknowledged." The Trustee does not cite any case law finding that the type acknowledgment used in this case is defective.

The Bank counters that the acknowledgment is sufficient under Kentucky law, and therefore the Trustee's complaint should be denied. The Bank argues that Kentucky law does not require any specific form for acknowledgment. While the Kentucky statute does provide an illustrative form, use of this form is not mandatory. The Bank goes on to argue that Kentucky does not require the specific use of the word "acknowledge" in acknowledgment clauses. Furthermore, the use of the terms "subscribed and sworn to" is sufficient to meet the statutory requirement of an acknowledgment. Indeed, using the legal definition of the terms, the terms are interchangeable. Finally, the Bank points out that the standard to use when evaluating the sufficiency of an acknowledgment is to determine whether the acknowledgment is in substantial compliance with the statutory requirements. *Hackworth v. Flinchum*, 475 S.W.2d 140, 142 (Ky. 1971).

**IV.    LEGAL DISCUSSION**

As stated above, under Rule 56(c) of the Federal Rules of Civil Procedure and Rule 7056 of

the Federal Rules of Bankruptcy Procedure, a party is entitled to judgment only if that party can establish that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. The Court must determine not whether it thinks the evidence unmistakably favors one side or the other, but whether a fair minded trier of fact could return a verdict for a nonmoving party on the evidence presented. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Under 11 U.S.C. § 544(a)(3), a trustee may avoid a mortgage if a bona fide purchaser hypothetically could avoid the mortgage. *Simon v. Chase Manhattan Bank*, 250 F.3d 1020, 1024 (6th Cir.2001). "Kentucky has historically held that a defectively acknowledged security interest that is recorded does not provide protection from a subsequent party who lacks notice of the interest." *In re Vance*, 2004 WL 771484 (6th Cir. 2004). Consequently, a defective acknowledgment of a recorded mortgage cannot provide constructive notice of a mortgage and does not provide protection from a bankruptcy trustee's status as a hypothetical bona fide purchaser lacking actual knowledge. Therefore, the issue turns on whether this acknowledgment is defective under state law.

KRS Section 423.130 provides as follows:

> KRS 423.130 Certificate of person taking acknowledgment.
> The person taking an acknowledgment shall certify that:
> (1) The person acknowledging appeared before him and acknowledged he executed the instrument; and
> (2) The person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

KRS Section 423.140 provides as follows:

> The form of a certificate of acknowledgment used by a person whose authority is recognized under KRS 423.110 shall be accepted in this state if:

4

> (1) The certificate is in a form prescribed by the laws or regulations of this state;
> (2) The certificate is in a form prescribed by the laws or regulations applicable in the place in which the acknowledgment is taken; or
> (3) The certificate contains the words "acknowledged before me," or their substantial equivalent.

The Bank did not use the form prescribed by the laws or regulations of this state. KRS 423.160. This does not necessarily mean the acknowledgment is fatally defective. As subsection (3) of the quoted statute states, an acknowledgment is still acceptable if it contains the words "acknowledged before me," or their substantial equivalent. KRS 423.150 defines the words "acknowledged before me," to mean:

> "(1) That the person acknowledging appeared before the person taking the acknowledgment; (2) That he acknowledged he executed the instrument; (3) That, in the case of: (a) A natural person, he executed the instrument for the purposes therein stated; ... and (4) That the person taking the acknowledgment either knew or had satisfactory evidence that the person acknowledging was the person named in the instrument or certificate."

From a statutory standpoint, the Court concludes that the acknowledgment used in this case complies with the statutory requirements set forth in KRS 423.130- 423.150. While the acknowledgment did not contain the words "acknowledged before me," it does contain their substantial equivalent. Using the definition of "acknowledged before me," there is no question the debtors appeared before the notary, that they executed the mortgage in question, that the mortgage was executed for the purpose stated therein, and that the notary knew or had satisfactory evidence of the identity of the debtors.

Turning to the relevant case law, the Court again notes the Trustee failed to cite any case holding the type of acknowledgment used here, or similar to the one used here, invalid under KRS 423.130. Likewise, the Court did not find a case directly on point with the issues raised here.

Indeed, there are very few Kentucky cases even addressing the sufficiency of acknowledgments. The *Hackworth* case cited by the Bank addresses the validity of an acknowledgment, but in the context of a will renunciation rather than a mortgage acknowledgment. *Hackworth v. Flinchum*, 475 S.W.2d 140 (Ky. 1971). *Hackworth* cited with approval the language found in *Am-Jur* with respect to acknowledgments.

> 'In the absence of a mandatory statute substantial rather than literal compliance with the form or requirements laid down in the statute is all that is essential to the validity of a certificate of acknowledgment. This is said to be true even though the statute prescribes that acknowledgments 'must' be substantially in the form prescribed. The general policy of the law is to construe certificates of acknowledgment liberally and to uphold them if they are in substantial compliance with the statutory requirements as to form and content, even though they may fall short of literal conformity thereto, or contain clerical errors, or be otherwise subject to merely technical objections. Although words not in the statute are used in place of others, or words of a statute are omitted, if the meaning of the words used is the same or they represent the same facts, or if the omission of a word or words is immaterial or can be supplied by reasonable construction of the whole instrument, the acknowledgment will be sufficient.

*Id.* at 142 quoting 1 Am.Jur.2d, *Acknowledgments*, § 40, page 475. The Court stated further:

> Where an acknowledgment is essential to the validity of a document, but the word acknowledgment is not defined and no particular form of acknowledgment is required by the statute, it would seem to this court that a subscription of the signature to the document in the presence of the proper official under oath is a sufficient proof of due execution of the document and would constitute substantial compliance with the statute.

*Id.* at 143. Under this analysis, this Court finds the acknowledgment used here is in substantial compliance with the statutory requirements. The terms used, "subscribed and sworn to before me," are sufficiently similar in form and definition to meet the statutory requirements set forth in KRS 423.130.

The Sixth Circuit case of *In re Vance*, 2004 WL 771484 (6th Cir. 2004), also addressed the sufficiency of an acknowledgment. In *Vance*, the Sixth Circuit dealt with an acknowledgment that failed to identify the names of those who signed the mortgage. The Circuit found that the acknowledgment failed to comply with KRS 423.130 in that it failed to certify that the person signing appeared before the notary and was either known by the notary or that satisfactory evidence of identities of the signors was provided to the notary. Due to these deficiencies, the Circuit upheld the lower courts' decision finding the acknowledgment fatally defective. In the case before this Court, the acknowledgment does not have this same defect. There is no question that the debtors appeared before the notary and that the notary either knew the identity of the debtors or was provided satisfactory evidence of the debtors' identities.

To conclude, under either a statutory standpoint or a case law standpoint, the standard to be used in determining the sufficiency of an acknowledgment is whether the acknowledgment substantially complies with the statutory requirements. In this case, the Court concludes that there is substantial compliance and as such summary judgment should be entered in favor of the Bank. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| JIMMY RAY PHELPS and ) | Case No. 05-42668 |
| LISA MICHELLE PHELPS ) | Chapter 7 |
| Debtors. ) | |
| _____ ) | |
| ROBERTA S. DUNLAP, TRUSTEE ) | |
| Plaintiff. ) | |
| vs. ) | A.P. No. 06-4017 |
| COMMONWEALTH COMMUNITY BANK ) | |
| Defendant. ) | |
| _____ ) | |

**JUDGMENT**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** the Defendant's Motion for Summary Judgment is granted, and Plaintiff's Complaint is hereby dismissed, with prejudice.